UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 15, 2009

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | |
| | : | Grand Jury Original |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| | : | 18 U.S.C. § 1344 (Bank Fraud); |
| | : | 18 U.S.C. § 1343 (Wire Fraud); |
| REGINALD A. CLARK, | : | 18 U.S.C. § 1349 (Conspiracy); |
| TANYA M. HUBBARD, and | : | 18 U.S.C. § 1006 (False Entry in |
| KENARD WALSTON | | Federal Credit Institution Records); |
| | : | 18 U.S.C. § 1512 (Obstruction); |
| Defendants. | : | 18 U.S.C. § 2 (Aiding and Abetting |
| | : | and Causing an Act to be Done); |
| | : | 18 U.S.C. § 982(a)(2)(A)(Criminal |
| | : | Forfeiture); |
| | : | 28 U.S.C. § 2461(c) and |
| | : | 18 U.S.C. § 981(a)(1)(C) (Criminal |
| | : | Forfeiture) |

INDICTMENT

The Grand Jury charges that:

GENERAL ALLEGATIONS

Unless otherwise stated, at all times relevant to this Indictment:

1.      Defendants REGINALD CLARK, TANYA HUBBARD and KENNARD WALSTON, and others, both known and unknown to the Grand Jury, engaged in a conspiracy and scheme to defraud Hoya Federal Credit Union (HFCU).

1

2. HFCU was a credit union for the Georgetown University faculty, staff, and their family members and was located on the Georgetown University campus in Washington, D.C. It was a financial institution as defined by 18 U.S.C. § 20, the deposits of which were insured by the National Credit Union Share Insurance Fund.

3. The Federal Reserve Bank was an agency of the United States with the authority and responsibility to oversee and facilitate financial transactions between and among federally-insured banks located throughout the United States, including, but not limited to, the District of Columbia. Among its other functions, the Federal Reserve acts as a clearinghouse for checks, credits, wire transfers, bank drafts and other commercial instruments, negotiated between and among various federally-insured banks and credit unions.

4. From in or around March 2001 through in or around July 2003, defendant REGINALD CLARK was employed as HFCU's accountant. Defendant CLARK's duties at HFCU included, among others, reconciling HFCU's general ledger accounts and balancing HFCU's corporate account. Defendant CLARK also maintained a personal checking account at HFCU. Defendant CLARK resided in Washington, D.C.

5. Defendant KENNARD WALSTON was a cousin of defendant CLARK and resided in Norwich, Connecticut.

6. Defendant TANYA HUBBARD was the wife of defendant WALSTON and resided in Norwich, Connecticut.

7. Defendant WALSTON and HUBBARD maintained a joint savings account at People's Bank located in Bridgeport, Connecticut.

8. Associate A-1 was a friend of defendant CLARK that resided in Washington, D.C.

9. Associate A-2 was a friend of defendant CLARK that resided in Washington D.C.

**COUNTS ONE THROUGH FOUR**
**Bank Fraud**
**18 U.S.C. § 1344**

10. Paragraphs 1 through 9 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

**The Scheme**

11. From in or around May 2002 through in or around July 2003, in the District of Columbia and elsewhere, defendant CLARK did knowingly and willfully devise a scheme and artifice to defraud HFCU and to obtain monies, funds and credits owned by or under the custody and control of HFCU by means of materially false and fraudulent pretenses, representations and promises.

**Object of the Scheme**

12. An object of the scheme and artifice was for defendant CLARK to fraudulently obtain monies, funds, and credits from HFCU for his own benefit and use and the benefit and use of others.

**Manner and Means of the Scheme**

13. As a part of the scheme and artifice to defraud, and to obtain monies, funds and credits owned by or under the custody and control of HFCU by means of materially false and fraudulent pretenses, representations and promises defendant CLARK issued and caused to be

issued checks from accounts controlled by defendant CLARK and others at HFCU, including the following checks:

|  | *Check Date* | *Ck #* | *Issuing account* | *Payee* | *Amount* |
|---|---|---|---|---|---|
| 1 | May 23, 02 | 1282 | Defendant Clark | Fidelity | $1,000.00 |
| 2 | June 10, 02 | 0917 | Associate A-1 | E. H. | $1,500.00 |
| 3 | June 17, 02 | 1087 | Defendant Clark | Hilton Head | $2,333.00 |
| 4 | July 12, 02 | 0911 | Associate A-1 | E. H. | $1,500.00 |
| 5 | July 30, 02 | 1200 | Defendant Clark | Chase Mortgage xx5279 | $1,140.78 |
| 6 | August 1, 02 | 0916 | Associate A-1 | K. P. | $2,000.00 |
| 7 | August 30, 02 | 1202 | Defendant Clark | Chase Mortgage xx5279 | $1,140.78 |
| 8 | September 18, 02 | 0919 | Associate A-1 | M. H. S. | $2,500.00 |
| 9 | September 20, 02 | 1094 | Defendant Clark | Retail Services xx8888 | $2,273.87 |
| 10 | September 20, 02 | 1096 | Defendant Clark | Discover xx1021 | $2,371.37 |
| 11 | October 1, 2002 | 1097 | Defendant Clark | Chase xx5279 | $1,200.00 |
| 12 | November 11, 02 | 0923 | Associate A-1 | E. H. | $2,500.00 |
| 13 | November 17, 02 | 1002 | Associate A-1 | E. H. | $2,500.00 |
| 14 | November 30, 02 | 1001 | Associate A-1 | Tanya Hubbard | $2,500.00 |
| 15 | December 15, 02 | 1225 | Defendant Clark | Chase Manhattan xx5279 | $1,200.00 |
| 16 | December 26, 02 | 1074 | Defendant Clark | Martin's Crosswind | $2,361.20 |
| 17 | December 31, 02 | 1007 | Associate A-1 | Nation's Home | $5,648.00 |
| 18 | January 6, 03 | 1003 | Associate A-1 | E. H. | $3,000.00 |
| 19 | January 7, 03 | 1157 | Defendant Clark | Bank of America xx3406 | $444.20 |
| 20 | January 7, 03 | 1230 | Defendant Clark | C. T. | $600.00 |
| 21 | January 8, 03 | 1158 | Defendant Clark | Liljenquist & Beckstead Jewelers | $2,266.75 |
| 22 | January 31, 03 | 1229 | Defendant Clark | Chase Mortgage xx5279 | $1,139.97 |

| 23 | February 10, 03 | 1005 | Associate A-1 | E. H. | $2,500.00 |
| --- | --- | --- | --- | --- | --- |
| 24 | February 14, 03 | 1004 | Associate A-1 | E. H. | $3,000.00 |
| 25 | February 26, 03 | 1162 | Defendant Clark | American Express xx1001 | $2,578.93 |
| 26 | February 26, 03 | 1163 | Defendant Clark | Theodore's | $3,500.00 |
| 27 | February 27, 03 | 1164 | Defendant Clark | Theodore's | $1,500.00 |
| 28 | April 3, 03 | 0918 | Associate A-1 | E. H. | $2,500.00 |
| 29 | April 10, 03 | 1170 | Defendant Clark | Arlington Gen. Dist. Court | $217.77 |
| 30 | April 14, 03 | 1172 | Defendant Clark | American Express xx1009 | $3,000.00 |
| 31 | April 14, 03 | 1230 | Defendant Clark | Credit Management Corporation | $166.70 |
| 32 | April 17, 03 | 1275 | Defendant Clark | Chase xxx2830 | $2,545.00 |
| 33 | April 17, 03 | 1010 | Associate A-1 | E. H. | $3,000.00 |
| 34 | April 17, 03 | 1009 | Associate A-1 | A. S. | $3,000.00 |
| 35 | April 30, 03 | 1198 | Defendant Clark | Urban Essentials | $1,850.00 |
| 36 | May 4, 03 | 1173 | Defendant Clark | Georgetown University | $900.00 |
| 37 | May 6, 03 | 1264 | Defendant Clark | Giant | $120.47 |
| 38 | May 8, 03 | 1300 | Defendant Clark | Wells Fargo Financial | $1,500.00 |
| 39 | May 9, 03 | 1174 | Defendant Clark | Lewis Law Group | $1,500.00 |
| 40 | May 13, 03 | 1199 | Defendant Clark | American Express xx1009 | $1,000.00 |
| 41 | May 13, 03 | 1277 | Defendant Clark | Chase | $1,000.00 |
| 42 | May 14, 03 | 1276 | Defendant Clark | Chase | $1,003.31 |
| 43 | May 14, 03 | 1012 | Associate A-1 | E. H. | $2,500.00 |
| 44 | May 15, 03 | 1300 | Defendant Clark | Wells Fargo Financial | $501.97 |
| 45 | May 23, 03 | 1281 | Defendant Clark | VW Credit | $1,000.00 |
| 46 | May 23, 03 | 1283 | Defendant Clark | Fidelity | $1,000.00 |
| 47 | June 7, 03 | 1286 | Defendant Clark | Liljenquist & Beckstead Jewelers | $1,000.00 |

| 48 | June 10, 03 | 1011 | Associate A-1 | American Express | $5,438.82 |
| 49 | June 17, 03 | 1008 | Associate A-1 | E. H. | $2,000.00 |
| 50 | June 20, 03 | 1613 | Associate A-2 | Theodore's | $3,291.50 |
| 51 | July 1, 2003 | 1289 | Defendant Clark | Chase | $1,000.00 |
| 52 | July 1, 2003 | 1290 | Defendant Clark | Martin's | $1,200.00 |

14. As a further part of the scheme and artifice, once the payees cashed the checks defendant CLARK issued and caused to be issued, including the above-detailed checks, defendant CLARK fraudulently entered false information, and deleted and altered true information in HFCU's accounting system concerning these checks, thereby preventing HFCU from collecting the amounts of these checks from the issuing accounts.

15. Defendant CLARK engaged in this scheme on at least 52 different occasions for a total gain to himself and others of approximately $98,434.39.

16. As a part of the scheme and artifice, defendant CLARK initiated Automatic Clearing House System (ACH) payments from his HFCU account to pay for his personal expenses, including the following payments:

|   | *Date* | *Issuing account* | *Payee* | *Amount* |
|---|---|---|---|---|
| 1 | September 24, 02 | Defendant Clark | American Express xx1007 | $985.88 |
| 2 | December 20, 02 | Defendant Clark | American Express xx1007 | $1,291.65 |
| 3 | January 7, 03 | Defendant Clark | American Express xx1007 | $400.00 |
| 4 | February 21, 03 | Defendant Clark | American Express xx1007 | $1,844.33 |
| 5 | April 16, 03 | Defendant Clark | American Express xx1001 | $597.77 |
| 6 | April 16, 03 | Defendant Clark | American Express xx1007 | $2.617.05 |
| 7 | May 12, 03 | Defendant Clark | VW Credit | $1,000.00 |
| 8 | May 19, 03 | Defendant Clark | American Express xx1001 | $1,363.98 |

| 9 | May 22, 03 | Defendant Clark | American Express xx1007 | $2,500.00 |
| 10 | June 8, 03 | Defendant Clark | American Express xx1001 | $2,158.69 |
| 11 | June 18, 03 | Defendant Clark | American Express xx1007 | $1,959.77 |
| 12 | June 19, 03 | Defendant Clark | American Express xx1001 | $4,132.90 |

17. As a further part of the scheme and artifice to defraud, once the payees received the ACH payments defendant CLARK initiated, including the above-detailed payments, defendant CLARK fraudulently entered false information, and deleted and altered true information in HFCU's accounting system concerning these payments, thereby preventing HFCU from collecting the amounts of these payments from defendant CLARK's account.

18. Defendant CLARK engaged in this scheme on at least 12 different occasions for a total gain to defendant CLARK of approximately $20,852.02.

19. As a part of the scheme and artifice to defraud, defendant CLARK also fraudulently caused wire transfers to be issued from HFCU for the purchase of certificates of deposits (CD) for the benefit of HFCU. In reality, the funds were not wired to purchase CDs for the benefit of HFCU but instead Clark caused the wire transfers for his personal benefit and the benefit of others. Clark engaged in this scheme as follows:

|   | *Date* | *Account holder funds wired to* | *Institution funds wired to* | *Amount* |
|---|---|---|---|---|
| 1 | April 21, 03 | Defendants Hubbard & Walston | People's Bank | $40,000 |
| 2 | June 20, 03 | Defendant Clark | Fidelity Brokerage Services | $60,000 |

20. On or about the following dates, in the District of Columbia and elsewhere, defendant REGINALD A. CLARK, did knowingly execute and attempt to execute the aforesaid scheme to defraud HFCU and to obtain monies, funds and credits under the custody and control

of HFCU by means of false and fraudulent pretenses, representations and promises, by causing the following transactions:

| *Count* | *Date* | *Type of Transaction* |
|---|---|---|
| **ONE** | December 26, 02 | Check # 1074 issued from Defendant CLARK's HFCU account to Martin's Crosswind for $2361.20 |
| **TWO** | December 31, 02 | Check # 1007 issued from Associate A-1's HFCU account to Nation's Home for $5648.00 |
| **THREE** | April 10, 03 | Check # 1170 issued from Defendant CLARK's HFCU account to Arlington Gen. Dist. Court for $217.77 |
| **FOUR** | May 19, 03 | ACH payment issued from Defendant CLARK's HFCU account to American Express account ending xx1001 for $1,363.98 |

(Bank Fraud and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1344 and 2.)

## COUNTS FIVE AND SIX
### Wire Fraud
### 18 U.S.C. § 1343

21.     Paragraphs 1 through 9 and 13 through 19 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

22.     On or about the dates listed for each count below, in the District of Columbia and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud , and to obtain monies, funds and credits owned by or under the custody and control of HFCU by means of materially false and fraudulent pretenses, representations and promises defendant CLARK did knowingly cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is an interstate wire transfer as specified below:

| *Count* | *Approx. Date* | *Origin* | *Destination* | *Description* |
|---|---|---|---|---|
| **FIVE** | April 21, 2003 | District of Columbia | Connecticut | Wire transfer of $40,000 |
| **SIX** | June 20, 2003 | District of Columbia | New York | Wire transfer of $60,000 |

(Wire Fraud and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1343 and 2.)

## COUNT SEVEN AND EIGHT
### False Entry in Federal Credit Institution Records
### 18 U.S.C. § 1006

23.     Paragraphs 1 through 9 and 13 through 19 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

24.     On or about the dates listed for each count below, in the District of Columbia and elsewhere, defendant CLARK, being an employee of HFCU with intent to defraud HFCU and deceive examiners and agents of HFCU knowingly made and caused to be made false entries concerning a material matter in the books, reports, and statements of HFCU, in that he caused to be made statements that materially misrepresented and omitted monies, funds, and credits defendant CLARK fraudulently obtained for his own benefit and use and the benefit and use of others, when in truth and in fact, as defendant CLARK then knew, defendant CLARK fraudulently entered false information, and deleted and altered true information concerning these monies, funds, and credits as detailed below:

| *Count* | *Date* | *Type of HFCU Statement* |
|---|---|---|
| **SEVEN** | November 1, 2002 | Associate A-1's Monthly HFCU Account Statement |
| **EIGHT** | May 1, 2003 | Defendant CLARK's Monthly HFCU Account Statement |

(False Entry in Federal Credit Institution Records and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1006 and 2.)

## COUNT NINE
### Conspiracy to Commit Bank Fraud and Wire Fraud
### 18 U.S.C. §§ 1349, 1344, and 1343

25. Paragraphs 1 through 9 and 13 through 19 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

### Conspiracy

26. Beginning on a date unknown to the Grand Jury and continuing to in or around April 2003, in the District of Columbia and elsewhere, defendants CLARK, HUBBARD and WALSTON, did knowingly and unlawfully combine and agree to commit offenses against the United States, that is violations of Title 18 U.S.C. Section 1344 (Bank Fraud) and Title 18 U.S.C. Section 1343 (Wire Fraud).

### Goal of the Conspiracy

27. A goal of the conspiracy was for defendants HUBBARD, CLARK, and WALSTON to fraudulently obtain monies, funds and credits from HFCU for their own benefit and use.

### Manner and Means of the Conspiracy

28. It was part of the conspiracy that defendant CLARK sent an unauthorized wire transfer of funds belonging to or in the custody or control of HFCU to defendants HUBBARD's and WALSTON's bank account.

### Overt Acts

29. In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendants committed the following overt acts, among others, in the District of Columbia and elsewhere:

    a.    On or about April 21, 2003, defendant CLARK instructed an HFCU employee to wire $40,000 to People's Bank in Connecticut for the purchase of a CD for HFCU. In reality, HFCU was not purchasing a CD. Defendant CLARK caused HFCU to wire the funds for his own and others' benefit to accounts defendants WALSTON and HUBBARD controlled at People's Bank in Connecticut.

    b.    On or about April 22, 2003, defendants WALSTON and HUBBARD withdrew $29,500 from the People's Bank account they controlled to purchase a certificate of deposit.

(Conspiracy, Aiding and Abetting, and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1349 and 2.)

### COUNT TEN
### Obstruction of Justice
### 18 U.S.C. § 1512(b)(3)

30.    Paragraphs 1 through 9 and 13 through 19 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

31.    On or about April 23, 2009, in the District of Connecticut and elsewhere, defendants HUBBARD and WALSTON did knowingly engage in misleading conduct toward agents from the Federal Bureau of Investigation (FBI) conducting an investigation in the District of Columbia by falsely claiming they did not know of defendant CLARK or his connection to $40,000 wired to defendants HUBBARD's and WALSTON's joint checking account at People's Bank, and they did so with the intent to hinder, delay, and prevent the communication to the FBI agents of information relating to the commission of the federal offense of conspiracy to commit bank and wire fraud.

(Obstruction of Justice, Aiding and Abetting, and Causing an Act to be Done, in violation of Title 18, United States Code, Section 1512(b)(3) and 2.)

## FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH FOUR, SEVEN AND EIGHT

32. The allegations set forth in Counts One through Four, Seven and Eight of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A).

33. As a result of the violations alleged in Counts One through Four, Seven and Eight of this Indictment, defendant CLARK shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, from the commission of a bank fraud scheme, in violation of Title 18, United States Code Sections 1344, and/or False Entry in Federal Credit Institution Records, in violation of Title 18, United States Code, Section 1006. Such property includes, but is not limited to, a sum of money equal to approximately $219,286.41, which represents a sum of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of a bank fraud scheme, in violation of Title 18, United States Code Sections 1344, and/or False Entry in Federal Credit Institution Records, in violation of Title 18, United States Code, Section 1006.

34. By virtue of the commission of the felony offenses charged in Counts One through Four, Seven and Eight of this Indictment, any and all interest that defendant CLARK has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to Title Title 18, United States Code, Section 982(a)(2)(A). If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Criminal Forfeiture, Title 18, United States Code, Sections 982(a)(2)(A))

## FORFEITURE ALLEGATION AS TO COUNTS FIVE, SIX AND NINE

35. The allegations set forth in Counts Five, Six, and Nine of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

36. As a result of the offenses alleged in Counts Five, Six, and Nine of this Indictment, defendant CLARK, and as a result of the offense alleged in Count Nine of this Indictment, defendants HUBBARD and WALSTON, shall forfeit to the United States, any and all property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly, as the result of a wire fraud scheme, in violation of Title 18, United States Code, Section 1343 and/or Conspiracy, in violation of Title 18, United States Code, Section 1349. Such property includes, but is not limited to a money judgment equal to a sum of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of a wire fraud scheme, in violation of Title 18, United States Code Sections 1343, and/or Conspiracy, in violation of Title 18, United States Code, Section 1349.

37.     By virtue of the commission of the felony offenses charged in Counts Five, Six and Nine of this Indictment, any and all interest that defendant CLARK, HUBBARD, and WALSTON had in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C). If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Criminal Forfeiture, Title 28, United States Code, Section 2461 and
Title 18, United States Code, Sections 981(a)(1)(C))


A TRUE BILL


FOREPERSON


/s/
ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA