UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
**FEB 28 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 10-110-2,-3 (RBW) |
| ) | |
| REGINALD CLARK et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is currently before the Court on defendant Clark's Rule 33 Motion for a New Trial and Incorporated Memorandum of Law ("Def.'s Mot.").[1]

Rule 33 of the Federal Rules of Criminal Procedure provides that "upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The Rule does not define interests of justice and the courts have had little success in trying to generalize its meaning." United States. v. Cabrera, 734 F. Supp. 2d 66, 87 (D.D.C. 2010) (citing United States v. Kuzniar, 881 F.2d 466, 470 (7th Cir. 1989)) (internal quotation omitted). Courts have nonetheless interpreted the Rule as requiring a new trial in the interests of justice in situations in which the "substantial rights of the defendant have been jeopardized by errors or omissions during trial." Cabrera, 734. F. Supp. 2d at 88 (quoting Kuzniar, 881 F.2d at 470). In considering a motion for a new trial in which the defendant asserts that the weight of the evidence at trial compels a new trial, "the district judge weighs the evidence and evaluates the witnesses' credibility and decides whether a serious

---

[1] On February 1, 2011, a jury found Mr. Clark guilty on Counts 1-3 and 5-8 of the Indictment. On February 15, 2011, Mr. Clark, through counsel, filed his motion for a new trial.

miscarriage of justice may have occurred." <u>Cabrera</u>, 734 F. Supp. 2d at 89 (quoting <u>United States v. Dale</u>, 991 F.2d 819, 838 (D.C. Cir. 1993)).

In a motion lacking citations to any legal authority, Mr. Clark asserts that "the jury verdicts were clearly based on speculation," and that "the government did not lay out a prima facie case of wire fraud, but forced the jury to rely upon assumptions and speculation when reaching a verdict on the wire fraud charges." Def.'s Mot. at 2. Upon weighing the evidence and evaluating the witnesses' credibility, however, the Court finds that no serious miscarriage of justice occurred during the trial that contributed to Mr. Clark's conviction. Further, the Court concludes that the weight of the evidence presented at trial overwhelmingly supported his conviction. <u>See</u> <u>Cabrera</u>, 734 F. Supp. 2d at 90 (concluding that the weight of the evidence favored conviction and that therefore no miscarriage of justice occurred). Accordingly, it is hereby

**ORDERED** that the defendant's Rule 33 Motion for a New Trial is **DENIED**.

**SO ORDERED** this 28th day of February, 2011.

/s/ Reggie B. Walton
REGGIE B. WALTON
United States District Judge

2